UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. and Minors R.O., R.A., and R.I., by and through their Guardian Ad Litem, Stephany Sinclair,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and Does 1 through 50, inclusive,<br><br>    Defendant. | Case No.: 22-CV-1905-WQH-MMP<br><br>**REPORT AND RECOMMENDATION ON PETITION TO APPROVE MINORS' INTEREST IN THE SETTLEMENT ACTION WITH THE COUNTY OF SAN DIEGO** |

Before the Court is R.J. and Minors R.O., R.A., and R.I.'s (collectively, "Plaintiffs") unopposed Petition to Approve Minors' Interest in the Settlement of Action with the County of San Diego ("Petition"). (Doc. No. 27.) Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure and Rule 17.1 of this District's Civil Local Rules, the Court has carefully reviewed and considered the terms of Plaintiffs' Petition as it relates to the settlement amounts for each of the three minors, R.O., R.A., and R.I. (collectively, "Minor Plaintiffs"). Having done so, the Court finds the Petition is fair and reasonable. Accordingly, the Court RECOMMENDS that the Petition be GRANTED and explains below.

/ / /

Under Rule 17(c) of the Federal Rules of Civil Procedure, district courts have a special duty to safeguard the interests of litigants who are minors. Fed. R. Civ. P. 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In settlement contexts, this special duty triggers district courts to conduct an independent inquiry to determine whether the "settlement serves the bests interests of the minor." *Dacanay v. Mendoz*, 573 F.2d 2075, 1080 (9th Cir. 1983). This independent inquiry must stand "even where the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Lobaton v. City of San Diego*, 2017 WL 2610038 (S.D. Cal. June 16, 2017) (citing *Salmerson v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).). Further, courts considering petitions for minor's compromise should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Hernandez v. United States*, 2020 WL 6044079, at *2 (S.D. Cal. Oct. 13, 2020) (citing *Robidoux*, 638 F.3d at 1181-82)). Courts need not consider "the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id*. (citing *Dacanay*, 573 F.2d at 1078).

Collectively, the Action arises from Plaintiffs' time spent at the Polinsky Children's Center ("Center"), a facility "maintained and ran by a subdivision of or entity of the County [of San Diego]." (Doc. No. 9 at ¶¶ 9, 17.) On or around June 23, 2013, March 5, 2014, and April 16, 2015, Plaintiffs allege they were subjected to unauthorized medical procedures at the Center, inclusive of "genital and anal examinations, blood tests, and drug testing." (*Id*. at ¶ 28.) Plaintiffs add (1) their parents were not notified of the medical procedures; (2) they were "completely excluded from their parents during the medical procedures;" (3) their parents were not permitted to be present for the procedures; and (4) that "no attempt was made to obtain Plaintiffs' full medical and health history before the medical procedures… occurred." (*Id*. at ¶ 26.) To that end, Plaintiffs characterize their experience at the Center resulted from a matter of "policy and practice" at the hands of the County of San Diego ("County"). (*Id*. at ¶ 29.) From this set of factual allegations, Plaintiffs initiated

this Action pursuant to 42 U.S.C. section 1983, alleging *Monell* violations against the County.

On July 21, 2023, the Parties filed a Joint Notice of Settlement of Plaintiffs' claims. (Doc. No. 24.) Upon doing so, the Parties indicated the County agreed to pay a total of $100,000.00, inclusive of attorney fees and costs, to Plaintiffs in exchange for a dismissal of all claims against the County. (Doc. No. 27 at ¶ 7.) Specific to the Minor Plaintiffs' interest at stake, Plaintiffs now specially request that $10,000.00 be set aside for each of the three Minor Plaintiffs and $20,000.00 for Plaintiff R.J., "as he has a distinct memory of the trauma he suffered as a result of the examinations." (Doc. No. 27 at ¶ 14.) Importantly, the Petition represents the County does not oppose the Petition, and the settlement has been approved by the Board of Supervisors of the County. (*Id*. at ¶¶ 7-9.) Further, as evidenced by the moving papers, Plaintiffs' guardian *ad litem*, Stephany Sinclair, supports an entry of a dispositive order approving the settlement agreement the Parties reached.

To evaluate the Parties' Petition, the Court has surveyed other petitions of minor's compromise in cases asserting similar claims and damages and settling at values comparable to the proposed settlement here. *See Benavidez, et al. v. County of San Diego, et al.*, Case No. 18-CV-558-CAB-AGS (S.D. Cal. Mar. 2, 2022) (approving $10,000.00 settlement payment per minor litigant in light of similar claims); *Reynolds, et al. v. County of San Diego, et al.*, Case No. 11-CV-01256-JAH-AGS (S.D. Cal. July 8, 2020) (approving $35,000.00 settlement payment per minor litigant for same); *Mann, et al. v. County of San Diego, et al.*, Case No. 11-CV-708-GPC-AGS (S.D. Cal. Feb. 25, 2020) (approving $50,000.00 settlement payment per minor litigant for same); *Bruno v. County of Los Angeles*, Case No. SACV 17-01301-CJC-JEX), ECF No. 71, at 4, 8 (C.D. Cal. July 18, 2019) (approving $60,000.00 settlement payment per minor litigant where minors removed from parental custody and subjected to medical examinations as well as vaccinations without warrant or parental consent).

///

Given the nature of Plaintiff's claims against the County, the above-noted recoveries in analogous actions, that only Plaintiff R.J. has a "distinct memory of the trauma he suffered" at the Center (*see* Doc. No. 27 at ¶ 14), and for such reason, that Plaintiff R.J.'s proposed settlement recovery is twice that of each Minor Plaintiff's proposed settlement recovery, the Court concludes the proposed settlement herein is fair and reasonable under Rule 17(c) of the Federal Rules of Civil Procedure and Rule 17.1 of this District's Civil Local Rules. In turn, the Court RECOMMENDS that Plaintiff's Petition be GRANTED and further RECOMMENDS the entry of an Order setting forth the following directives to the Parties:

(1) **No later than 60 days from the date of issuance of an Order on this Report and Recommendation resolving Plaintiffs' Petition**, the County shall direct $10,000.00 of the settlement funds to Minor Plaintiff R.O. The funds shall be deposited into a blocked account belonging to Minor Plaintiff R.O. at a financial institution which maintains Federal Deposit Insurance Corporation ("FDIC") membership ("the deposit"). No withdrawals of the deposit, including any interest that may accrue upon such deposit, may be made absent order of the Court, and until Minor Plaintiff R.O. attains the age of 18 years. Upon the date of Minor Plaintiff R.O.'s 18th birthday, the deposit shall be released in its entirety, inclusive of any interest that accrued upon such deposit, and directly to Minor Plaintiff R.O. without further order of the Court. To that end, the deposit shall not be withdrawn for any purpose, including for the funding of any purported necessities of life, at any time prior to Minor Plaintiff R.O.'s 18th birthday;

(2) **No later than 60 days from the date of issuance of an Order on this Report and Recommendation resolving Plaintiffs' Petition**, the County shall direct $10,000.00 of the settlement funds to Minor Plaintiff R.A. The funds shall be deposited into a blocked account belonging to Minor Plaintiff R.A. at a financial institution which maintains FDIC membership ("the deposit"). No withdrawals of the deposit, including any interest that may accrue upon such deposit, may be made

absent order of the Court, until Minor Plaintiff R.A. attains the age of 18 years. Upon the date of Minor Plaintiff R.A.'s 18th birthday, the deposit shall be released in its entirety, inclusive of any interest that accrued upon such deposit, and directly to Minor Plaintiff R.A. without further order of the Court. To that end, the deposit shall not be withdrawn for any purpose, including for the funding of any purported necessities of life, at any time prior to Minor Plaintiff R.A.'s 18th birthday;

(3) **No later than 60 days from the date of issuance of an Order on this Report and Recommendation resolving Plaintiffs' Petition**, the County shall direct $10,000.00 of the settlement funds to Minor Plaintiff R.I. The funds shall be deposited into a blocked account belonging to Minor Plaintiff R.I. at a financial institution which maintains FDIC membership ("the deposit"). No withdrawals of the deposit, including any interest that may accrue upon such deposit, may be made absent order of the Court until Minor Plaintiff R.I. attains the age of 18 years. Upon the date of Minor Plaintiff R.I.'s 18th birthday, the deposit shall be released in its entirety, inclusive of any interest that accrued upon such deposit, and directly to Minor Plaintiff R.I. without further order of the Court. To that end, the deposit shall not be withdrawn for any purpose, including for the funding of any purported necessities of life, at any time prior to Minor Plaintiff R.I.'s 18th birthday;

(4) **No later than 60 days from the date of issuance of an Order on this Report and Recommendation resolving Plaintiffs' Petition**, the County shall direct $20,000.00 of the settlement funds towards payment of Plaintiff R.J.'s settlement recovery, as proposed in Plaintiffs' Petition and referred to herein, to the "Law Office of Donnie R. Cox Client Trust Account and Robert Friend;" and, finally,

///
///
///
///
///

(5) **No later than 60 days from the date of issuance of an Order on this Report and Recommendation resolving Plaintiffs' Petition**, the County shall direct $50,000.00 of the settlement funds towards the payment of attorney fees in this matter to "The Law Office of Donnie R. Cox."

**IT IS SO ORDERED.**

Dated: September 5, 2023

Hon. Steve B. Chu
United States Magistrate Judge