UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J.; R.O., by and through Guardian ad Litem; R.A., by and through Guardian ad Litem; and R.I., by and through Guardian ad Litem,<br><br>       Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO and DOES 1-50,<br><br>       Defendants. | Case No.: 22-cv-1905-WQH-MMP<br><br>**ORDER** |

HAYES, Judge:

  The matters before the Court are the (1) Petition to Approve Minors' Interest in the Settlement of Action with the County of San Diego filed by Plaintiffs R.J., R.O., R.A., and R.I. (the "Petition") (ECF No. 27); (2) Motion to File Order Under Seal filed by Plaintiffs (ECF No. 28); and (3) Report and Recommendation issued by Magistrate Judge Steve B. Chu (ECF No. 31).

## I. THE PETITION

  In the Petition, Stephany Sinclair, guardian ad litem for minor Plaintiffs R.O., R.A., and R.I., seeks an order approving the minor Plaintiffs' interests in the proposed Settlement with Defendant County of San Diego. (ECF No. 27.) The Petition indicates that County does not oppose the Petition. *Id.* at 3. The docket reflects that no opposition was filed.

On September 5, 2023, Judge Chu issued a Report and Recommendation, recommending that the Petition be granted. (*See* ECF No. 31.) Objections to the Report and Recommendation were due no later than September 19, 2023, pursuant to 28 U.S.C. § 636(b)(1)(C). The docket reflects that no objections to the Report and Recommendation have been filed, and the time for doing so has expired.

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report … to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The Court is required to limit the scope of its review to "whether the net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1182. Pursuant to Civil Local Rule 17.1:

> No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval consent to magistrate judge jurisdiction under 28 U.S.C. §636(c) for entry of an order approving the entire settlement or compromise.

S.D. Cal. CivLR 17.1(a).

The Court finds that Judge Chu has issued an accurate and well-reasoned Report and Recommendation. The Court has independently reviewed the request for attorney fees. For the reasons stated in the Declaration of Plaintiffs' counsel Donnie R. Cox (*see* ECF No. 27-1 at 3, ¶¶ 10–11; 5, ¶ 16), the Court finds that the requested fee is reasonable under the circumstances. The Court concludes that the settlement amount is fair, reasonable, and in the best interests of the minor Plaintiffs. Accordingly, the Court adopts the Report and Recommendation in its entirety (ECF No. 31), grants the Petition (ECF No. 27), and approves the Settlement as stated below.

## II.   MOTION TO FILE ORDER UNDER SEAL

Plaintiffs move the Court to seal this Order approving the Petition and the Declaration of Stephany Sinclair ("Declaration") (ECF No. 29). Plaintiffs request that the full names and dates of birth of minor Plaintiffs R.O., R.A., and R.I. be included in this Order, and the Order and Declaration be sealed because such information is protected and designated as confidential under California Welfare and Institutions Code section 827 and Federal Rule of Civil Procedure 5.2. (ECF No. 28 at 2.) The Declaration contains the full names and dates of birth of the minor Plaintiffs, and this information is incorporated by references into this Order. (ECF No. 29 at 2, ¶¶ 3–5.)

Having reviewed the request to seal and pursuant to Federal Rule of Civil Procedure 5.2, the Court grants Plaintiffs' request to seal the Declaration. The Court denies the request to seal this Order, finding that incorporating by reference the sealed declaration is sufficient to identify the minor Plaintiffs for the purposes of this Order.

## III.   CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 31) is adopted in full.

IT IS FURTHER ORDERED that the Petition (ECF No. 27) is granted. The Court approves the Settlement as follows:

1. **No later than sixty (60) days from the entry of this Order**, the County shall direct $10,000.00 of the settlement funds to Minor Plaintiff R.O. The funds shall

be deposited into a blocked account belonging to Minor Plaintiff R.O. at a financial institution which maintains Federal Deposit Insurance Corporation ("FDIC") membership ("the deposit"). No withdrawals of the deposit, including any interest that may accrue upon such deposit, may be made absent order of the Court, and until Minor Plaintiff R.O. attains the age of 18 years. Upon the date of Minor Plaintiff R.O.'s 18th birthday, the deposit shall be released in its entirety, inclusive of any interest that accrued upon such deposit, and directly to Minor Plaintiff R.O. without further order of the Court. To that end, the deposit shall not be withdrawn for any purpose, including for the funding of any purported necessities of life, at any time prior to Minor Plaintiff R.O.'s 18th birthday;

2. **No later than sixty (60) days from the entry of this Order**, the County shall direct $10,000.00 of the settlement funds to Minor Plaintiff R.A. The funds shall be deposited into a blocked account belonging to Minor Plaintiff R.A. at a financial institution which maintains FDIC membership ("the deposit"). No withdrawals of the deposit, including any interest that may accrue upon such deposit, may be made absent order of the Court, until Minor Plaintiff R.A. attains the age of 18 years. Upon the date of Minor Plaintiff R.A.'s 18th birthday, the deposit shall be released in its entirety, inclusive of any interest that accrued upon such deposit, and directly to Minor Plaintiff R.A. without further order of the Court. To that end, the deposit shall not be withdrawn for any purpose, including for the funding of any purported necessities of life, at any time prior to Minor Plaintiff R.A.'s 18th birthday;

3. **No later than sixty (60) days from the entry of this Order**, the County shall direct $10,000.00 of the settlement funds to Minor Plaintiff R.I. The funds shall be deposited into a blocked account belonging to Minor Plaintiff R.I. at a financial institution which maintains FDIC membership ("the deposit"). No withdrawals of the deposit, including any interest that may accrue upon such

deposit, may be made absent order of the Court until Minor Plaintiff R.I. attains the age of 18 years. Upon the date of Minor Plaintiff R.I.'s 18th birthday, the deposit shall be released in its entirety, inclusive of any interest that accrued upon such deposit, and directly to Minor Plaintiff R.I. without further order of the Court. To that end, the deposit shall not be withdrawn for any purpose, including for the funding of any purported necessities of life, at any time prior to Minor Plaintiff R.I.'s 18th birthday;

4. **No later than sixty (60) days from the entry of this Order**, the County shall direct $20,000.00 of the settlement funds towards payment of Plaintiff R.J.'s settlement recovery, as proposed in Plaintiffs' Petition and referred to herein, to the "Law Office of Donnie R. Cox Client Trust Account and Robert Friend"[1]; and, finally,

5. **No later than sixty (60) days from the entry of this Order**, the County shall direct $50,000.00 of the settlement funds towards the payment of attorney fees in this matter to "The Law Office of Donnie R. Cox."

IT IS FURTHER ORDERED that the Motion to File Order Under Seal (ECF No. 28) is granted in part and denied in part. The Declaration (ECF No. 29) shall remain under seal. This Order Court shall be publicly available.

Dated: October 3, 2023

Hon. William Q. Hayes
United States District Court

---

[1] Plaintiff Robert Friend is an adult and is not subject to the Motion to File Under Seal. (*See* ECF No. 9 ¶ 5; ECF No. 28 at 1–2.)